UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RYAN BLAKE McCULLOUGH,

    Plaintiff,

v.                                  Case No.  5:13-cv-08-Oc-23PRL

RONALD F. BENDEKOVIC,

    Defendant.

_____/

**ORDER**

McCullough proceeds *in forma pauperis* (Doc. 6) and *pro se* in this action under 42 U.S.C. § 1983.  McCullough (1) alleges that the sole defendant, Assistant State Attorney Ronald F. Bendekovic, is violating McCullough's due process rights in Case No. 42-2011-CV-001899-AXXX-XX, a criminal action pending in Marion County, Florida, (2) seeks removal of Bendekovic as prosecutor in the pending state court criminal action, (3) seeks suspension of Bendekovic from practicing law, and (4) requests an award of $300,000 for alleged injuries caused by Bendekovic's alleged violation of McCullough's due process rights.

Section 1915(e) of the Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."

Although entitled to a lenient construction, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), McCullough's complaint fails to state a claim for relief.  The Assistant State Attorney enjoys absolute immunity under Section 1983 for actions associated with a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).

Further, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding.  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  McCullough shows no reason that compels interference with the state court.

Because the only defendant is immune from suit, the action is **DISMISSED**.  28 U.S.C. § 1915(e)(2)(B)(iii).  The Clerk is directed (1) to enter judgment dismissing this case for failure to state a claim for relief, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 12, 2013.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE